IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| PAUL KUSHNER, individually and on behalf of all other similarly situated, | ) ) ) |
| Plaintiff, | ) Case No.: 1:22-cv-598 ) ) |
| v. | ) ) |
| NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER, | ) ) ) |
| Defendant. | ) ) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1453, and 1711-1715, Defendant Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar") hereby removes this case from the Cuyahoga County of Common Pleas, Ohio, (the "State Court") to the United States District Court for the Northern District of Ohio on the following grounds:

(1) ***CAFA Jurisdiction***: This Court has original jurisdiction over this civil action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453, 1711-1715 because minimum diversity exists, the amount of controversy exceeds $5 million, and the number of members of the proposed putative class in the aggregate is at least 100 class members.

In support of this Notice of Removal, Nationstar states as follows:

### I.  FACTUAL AND PROCEDURAL BACKGROUND

1.  On or about March 7, 2022, Plaintiff Paul Kushner ("Plaintiff") filed a Class Action Complaint in Case CV-22-960358, *Paul Kushner v. Nationstar Mortgage LLC d/b/a Mr. Cooper*, in the Ohio Court of Common Pleas for Cuyahoga County (the "State Court Action"). A copy of the Class Action Complaint is attached hereto as **Exhibit 1.**

1

2. On March 15, 2022, Nationstar was served with a copy of the Class Action Complaint in the State Court Action through certified mail ("Summons") attached hereto as **Exhibit 2.**

3. On or about, March 28, 2022, Plaintiff filed his First Amended Class Action Complaint (the "Complaint") attached hereto as **Exhibit 3.**

4. Upon information and belief, Plaintiff is a resident of Cleveland, Ohio. *See* Compl. Caption.

5. Nationstar is a limited liability company who is organized under the laws of the State of Delaware and its principal place of business is in the State of Texas. **Exhibit 5** ("Nationstar Decl."), ¶ 3.

6. Plaintiff asserts claims against Nationstar for "Third Party Reconveyance Preparation Fees" or "Third Party Reconveyance/Release Preparation Fees" and "County Recording Fees" that were "not limited to actual payments to third parties (and not limited to actual government recording fees)." *See* Compl. ¶ 4.

7. Plaintiff seeks to represent a putative class of, "[a]ll persons who were charged by Nationstar Mortgage LLC or Mr. Cooper (or any predecessor, successor, nominee, or agent of either) for any "third party reconveyance preparation fee" (or similar fee) or government recording fee, more than actual government recording fees paid to record releases of satisfied mortgages, except where: (a) Applicable Law (as defined in class members' mortgages) *expressly* allowed for the charging of the fees (fees other than actual government recording fees) for releasing Security Instruments and (b) the fees charged were for amounts actually paid to unaffiliated parties for releasing services done and to governments for actual recording fees; and all persons who were otherwise charged more fees than expressly allowed by Applicable Law." *See* Compl. ¶ 1.

8. For the Ohio class—*i.e.*, any borrower who paid off a residential mortgage recorded in Ohio where the borrower was charged an amount in excess of the mortgage recording fee or was charged a third party conveyance fee—Plaintiff seeks $250 per violation. *See* Compl. ¶ 2 (Requested Relief). In the alternative, if statutory damages are unavailable, Plaintiff seeks actual damages and restitution. *Id.*

9. For the nationwide class—*i.e.*, any borrower who paid off a residential mortgage recorded in any other state where the borrower was charged an amount in excess of the mortgage recording fee or was charged a third party conveyance fee—Plaintiff seeks actual damages and restitution. *See* Compl. ¶ 3 (Requested Relief).

## II. THE COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

10. Pursuant to 28 U.S.C. §§ 1332 and 1441, removal to this Court is proper under the Class Action Fairness Act ("CAFA"). Under CAFA, this Court has jurisdiction over class actions where: (1) there is minimal diversity (*i.e.*, the citizenship of at least one plaintiff is diverse from the citizenship of at least one defendant), 28 U.S.C. § 1332(d)(2); (2) there are at least 100 putative class members, 28 U.S.C. § 1332(d)(5)(B); (3) the amount in controversy based upon the class members' aggregate claims exceeds $5 million exclusive of interest and costs, 28 U.S.C. § 1332(d)(2); (4) the primary defendants are not states, state officials, or other governmental entities against whom the district court may be prevented from ordering relief, 28 U.S.C. § 1332(d)(5)(A); and (5) the 30-day deadline for removal is met, 28 U.S.C. § 1446(b). CAFA authorizes the removal of such actions under 28 U.S.C. § 1446.

11. As required by 28 U.S.C. § 1441, Nationstar seeks to remove this case to the United States District Court for the Northern District of Ohio, which is the District Court embracing the place where the State Court Action has been filed.

A. **Minimal Diversity Exists**

12. To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists, that is, that one putative class member is a citizen of a state different from that of one defendant. 28 U.S.C. § 1332(d)(2).

13. For diversity purposes, a limited liability company is a citizen of the state under whose laws it is organized and the state where it has a principal place of business. 28 U.S.C. § 1332(d)(10). Nationstar is organized under the laws of the State of Delaware and its principal place of business is in the State of Texas. **Exhibit 5** ("Nationstar Decl."), ¶ 3. Accordingly, Nationstar is a citizen of the State of Delaware and the State of Texas.

14. Upon information and belief, Plaintiff is a citizen of the State of Ohio. Plaintiff's full address in Cleveland, Ohio is listed in the Caption of the Complaint. *See* Compl.

15. Because Plaintiff is a citizen of the State of Ohio, and Nationstar is a citizen of the States of Delaware and Texas, the citizenship of at least one putative class member is different form the citizenship of the Defendant, thus satisfying 28 U.S.C. § 1332(d)(2)(A).

B. **The Putative Class Consists of More Than 100 Members.**

16. Based on Nationstar's preliminary investigation, at least 40,000 Ohio Nationstar accounts were charged either a third party reconveyance preparation fee or a county recording fee in order to record the release of a satisfied mortgage paid in full between May 7, 2016 and the present. *See* **Exhibit 5** ("Nationstar Decl."), ¶ 6. The aggregate membership of the proposed class is therefore at least 100 as required under CAFA.

C. **As Alleged, the Aggregate Amount in Controversy Exceeds $5 Million**

17. To invoke federal court jurisdiction, a notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*

*Cherokee Basin Operating Co., LLC*, 574 U.S. 81, 87 (2014) ("[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court").

18. Here, Plaintiff does not allege a specific amount in controversy. Thus, the Court may consider the Notice of Removal and other relevant documents concerning the amount in controversy. *McClendon v. Challenge Financial Investors Corp.*, No. 1:08CV1189, 2009 WL 589245, at *4-5 (N.D. Ohio March 09, 2009) (holding that records prepared in the course of regularly conducted business may be used to establish the amount in controversy); *Popa v. CNX Gas Co., LLC*, No. 4:14CV143, 2014 WL 1369605, at *5 (N.D. Ohio April 7, 2014) (holding that Defendants, through an affidavit, submitted competent proof that the amount in controversy meets minimum requirements).

19. Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. *See* 28 U.S.C. § 1332(d)(6). In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief.") Senate Judiciary Committee Report, S. Rep. 109-14, at 42.

20. Furthermore, the Senate Judiciary Committee's Report on the final version of CAFA makes clear that any doubts regarding the maintenance of class actions in state or federal court should be resolved in favor of federal jurisdiction. S. Rep. 109-14, at 42-43 (stating that "if a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of

exercising jurisdiction over the case . . . . Overall, new section 1332(d) is intended to ***expand substantially federal court jurisdiction over class actions***. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant") (emphasis added).

21. Here, Plaintiff seeks $250 per violation under Ohio R.C. 5301.36(c) for its putative Ohio class. *See* Compl. ¶ 2 (Requested Relief). For the nationwide class, Plaintiff seeks actual damages and restitution. *See* Compl. ¶ 3 (Requested Relief).

22. While Nationstar denies any liability as to Plaintiff's claims, based on the allegations, claims, and prayer for relief set forth in the Complaint, the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $5,000,000.[1] Nationstar's establishment of the amount of controversy, as set forth below, is based on assumptions for purposes of removal only as to the amounts that Plaintiff claims to be able to recover if he prevailed on his claims.

### (1) Statutory Damages Pursuant to Ohio R.C. 5301.36(c)

23. Based on Nationstar's preliminary investigation, the minimum statutory damages that Plaintiff seeks under Ohio R.C. 5301.36(c) for its putative Ohio class, as alleged, are in excess of $10,000,000.

24. Based on Nationstar's preliminary investigation, at least 40,000 Ohio Nationstar accounts were charged either a third party reconveyance preparation fee or a county recording fee in order to record the release of a satisfied mortgage paid in full between May 7, 2016 and the present. *See* **Exhibit 5** ("Nationstar Decl."), ¶ 6.

---

[1] Nationstar does not concede and reserves the right to challenge Plaintiff's theory of liability and damages.

25. Plaintiff alleges putative class members incurred "Third Party Reconveyance Preparation Fees" or "Third Party Reconveyance/Release Preparation Fees" and "County Recording Fees" that were improper because they were "not limited to actual payments to any third parties (and not limited to actual government recording fees)." Compl. ¶ 4.

26. Ohio R.C. 5301.36(C) provides, in pertinent part, "[i]f the mortgagee fails to comply with division (B) of this section, the mortgagor of the unrecorded satisfaction and the current owner of the real property to which the mortgage pertains may recover, in a civil action, damages of two hundred fifty dollars. This division does not preclude or affect any other legal remedies or damages that may be available to the mortgagor." Ohio R.C. 5301.36(C).

27. Ohio R.C. 5301.36(B) provides, in pertinent part, "[w]ithin ninety days from the date of the satisfaction of a mortgage, the mortgagee shall record a release of the mortgage evidencing the fact of its satisfaction in the appropriate county recorder's office and pay any fees required for the recording. The mortgagee may, by contract with the mortgagor, recover the cost of the fees required for the recording of the satisfaction by the county recorder." Ohio R.C. 5301.36(B).

28. Plaintiff alleges Nationstar violated this statute by charging a county recording fee and a third party fee "not limited to actual payments to any third parties (and not limited to actual government recording fees)." *See* Compl. ¶ 4.

29. Based on Nationstar's preliminary investigation, the total amount of statutory damages for the Ohio putative class alone, as alleged in the Class Action Complaint, is in excess of at least $10,000,000 based on upwards of 40,000 accounts. *See* **Exhibit 5** ("Nationstar Decl."), ¶ 6.

30. That is, Nationstar's preliminary investigation has determined that least 40,000 Ohio accounts were charged either a county recording fee or a third party fee between May 7, 2016 and the present which, based on Plaintiff's allegation of $250 in damages per alleged violation, constitutes at least $10,000,000 in alleged damages (exclusive of any alleged attorneys' fees or interest), well above the statutory threshold for removal.

31. Thus, in terms of minimum statutory damages for the Ohio class alone, the amount-in-controversy far exceeds the jurisdictional threshold under CAFA.

### (2) Plaintiff Cannot Limit Damages

32. Plaintiff's Complaint impermissibly purports to limit the damages of absent Ohio class members by alleging, without limitation, the following: "[f]or each class member whose mortgage was recorded in Ohio where Defendant was the mortgagee (owner of the claim secured by the mortgage) when the mortgage was satisfied, the $250 that R.C. 5301.36(C) says is their damages, plus interest and costs, but *Plaintiff does not seek judgment for himself or other of these class members of more than this $250* (exclusive of interest and costs) nor is any other relief (exclusive of interest and costs) sought." Compl. ¶ 2 (Requested Relief) (emphasis added).

33. Plaintiff's attempts to avoid federal jurisdiction by disavowing the claims of the putative class must fail. Plaintiff cannot limit damages of absent class members to avoid federal jurisdiction. *See Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 593 (2013) (plaintiff could "not reduce[] the value of the putative class members' claims" because "a plaintiff who files a proposed class action cannot legally bind members of the proposed class before the class is certified").

### D. Defendant is Not a State or State Official

34. Nationstar is not a state nor a state official.

### III. PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

35. This action has not previously been removed to federal court.

36. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(3), which provides that such Notices "may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

37. Nationstar filed this Notice of Removal within 30 days of March 15, 2022, the date on which Nationstar was served with the Class Action Complaint. The Class Action Complaint was the first pleading from which it could be ascertained "that the case is one which is or has become removable." *See* 28 U.S.C. § 1446(b)(3). Accordingly, this action is being removed within 30 days of the first date after receipt of Nationstar of service of any paper giving it notice that the action was removable.

38. A copy of this Notice of Removal being filed with the State Court and served upon Plaintiff in accordance with 28 U.S.C. § 1446(d) is attached hereto as **Exhibit 6.**

39. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the process, pleadings, and orders served upon Nationstar in the State Court Action are attached hereto as **Exhibits 1-4.**

40. Pursuant to 28 U.S.C. § 1441(a), removal to this Court is appropriate because it is the "district court of the United States for the district and division embracing the place where [this] action is pending."

41. Nothing in this Notice of Removal is intended or should be construed as any type of express or implied admission by Nationstar of any fact, of any validity or merits of Plaintiff's claims, causes of action, theory of damages, and allegations, or of any liability for the same, all of which are hereby expressly denied, or as any type of express or implied waiver or limitation of

any of Nationstar's rights, claims, remedies, and defenses in connection with this action, all of which are hereby fully and expressly reserved. Nationstar expressly reserves the right to amend or supplement this Notice of Removal, should any aspect of this removal and/or the information set forth herein be challenged.

WHEREFORE, Nationstar hereby removes the above-captioned action now pending in State Court to the United States District Court for the Northern District of Ohio.

Dated: April 13, 2022                     Respectfully submitted,

By:  */s/ K. Issac deVyver*
K. Issac deVyver
Ohio Bar No. 72633
**MCGUIREWOODS LLP**
Tower Two-Sixty
260 Forbes Avenue, Suite 1800
Pittsburgh, PA 15222-3142
Telephone: (412) 667-7988
Facsimile: (412) 667-7976
Email: kdevyver@mcguirewoods.com

*Counsel for Defendant*
*Nationstar Mortgage LLC d/b/a Mr. Cooper.*

**CERTIFICATE OF SERVICE**

      I hereby certify this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on April 13, 2022, and sent via U.S. Mail and/or email to participants not registered with the CM/ECF system:

Brian Ruschel, Esq.
1701 E 12 St. Apt 23B
Cleveland, Ohio 44114
bruschel@aol.com

*Attorney for Plaintiff Paul Kushner*

                                                 By: */s/ K. Issac deVyver*
                                                       K. Issac deVyver

                                                    *Attorney for Defendant*
                                                  *Nationstar Mortgage LLC d/b/a Mr. Cooper*