UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL KUSHNER, | ) | CASE NO. 1:22-cv-00598 |
|     Plaintiff, | ) ) | |
| | ) | JUDGE BRIDGET M. BRENNAN |
| v. | ) ) | |
| NATIONSTAR MORTGAGE LLC, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
|     Defendant. | ) ) | |

Before the Court is Plaintiff Paul Kushner's Motion to Remand this case to the Cuyahoga County Court of Common Pleas for want of subject matter jurisdiction, pursuant to 28 U.S.C. § 1447(c). For the following reasons, the motion is **GRANTED.**

**I.**     **Factual and Procedural Background**

Plaintiff Paul Kushner lives in Cleveland, Ohio. (Doc. No. 1-3 at PageID# 25.) Defendant Nationstar Mortgage LLC ("Nationstar") is a limited liability company, organized under the laws of Delaware, with its principal place of business in Texas. (*Id.*)

This dispute is centered on Plaintiff's allegations that Nationstar charged improper fees related to his residential mortgage. Specifically, Plaintiff alleges Nationstar charged improper "Third Party Reconveyance Preparation Fees" or "Third Party Reconveyance/Release Preparation Fees" that were "not limited to actual payments to any third parties" as well as "County Recording Fees" in excess of the actual amount of fees paid to the government (collectively, the "Fees"). (*Id.* at PageID# 25-27.) Plaintiff brings one cause of action under Ohio Rev. Code § 5301.36(B), which states that a "mortgagee may . . . recover the cost of the fees required for the recording of the

satisfaction by the county recorder." (*Id.* at PageID# 28.) Plaintiff brings this action on behalf of himself and a class of individuals who were similarly charged these Fees. (*Id.* at PageID# 25-26.)

Plaintiff filed his class action complaint in the Cuyahoga County Common Pleas Court on March 7, 2022. (*See* Doc. No. 1-1.) On March 28, 2022, Plaintiff filed an Amended Complaint in the same court. (*See* Doc. No. 1-3.) On April 13, 2022, Nationstar timely removed this case to federal court pursuant to the Class Action Fairness Act ("CAFA"). (*See* Doc. No. 1 at PageID# 1.) In its notice of removal, Nationstar stated that it satisfied the CAFA removal requirements because the parties are minimally diverse, there are at least 100 class members, and the amount in controversy exceeds $5 million. (*Id.* at PageID# 4-10.)

Nationstar attached to its notice of removal the declaration of Courtney Ehinger, Senior Vice President Performing Services at Nationstar. (*See* Doc. No. 1-5.) Ehinger stated that a review of Ohio customers potentially charged the Fees disputed in Plaintiff's Amended Complaint exceeded 40,000 customers. (*Id*. at ¶ 6.) Noting that Plaintiff's Amended Complaint failed to state a specific amount in controversy, Nationstar stated that, pursuant to Ohio Rev. Code § 5301.36(C), the applicable calculation of damages is $250 per violation, which suggests that this particular matter could exceed $10 million in damages, far in excess of CAFA's $5 million jurisdictional threshold. (Doc. No. 1 at PageID# 4-8.)

On April 14, 2022, Plaintiff filed a Motion to Remand to State Court. (Doc. No. 5.) Nationstar filed an opposition on April 28, 2022 (Doc. No. 6) and Plaintiff replied on May 2, 2022 (Doc. No. 7). Nationstar then filed a Motion to Dismiss on May 12, 2022. (Doc. No. 8.) Given the pending Motion to Remand to State Court, the Court granted Plaintiff's request to withhold opposing the Motion to Dismiss until the Motion to Remand was resolved. (Doc. No. 10.) The Court does so now.

## II.     Analysis

### A. Legal Standard

Removing a case to federal court requires the removing party to file a notice of removal "containing a short and plain statement of the grounds for removal" in the federal court. 28 U.S.C. § 1446(a). For its part, CAFA provides that "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," provided the class is at least 100 members and the parties are minimally diverse. 28 U.S.C. § 1332(d). CAFA embodies a strong preference that federal courts hear class actions, but only where properly removed. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

When a plaintiff challenges the defendant's allegations in support of removal, the burden of establishing the propriety of removal jurisdiction by a preponderance of the evidence is on the defendant. 28 U.S.C. § 1446(c)(2)(B). Proof by a preponderance of the evidence requires "such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in the mind of the finder of fact belief that what is sought to be proved is more likely true than not true." *Williams v. Eau Claire Pub. Sch.*, 397 F.3d 441, 446 (6th Cir. 2005).

### B. Discussion

Plaintiff's motion seeking remand challenges two points raised in Nationstar's Notice of Removal: the number of class members and the amount in controversy. Specifically, Plaintiff argues that Nationstar's definition of the class is inconsistent with the plain language in the Amended Complaint because Nationstar only provides the Court with the number of individuals charged the Fees and not, as a true reading of the Amended Complaint indicates, the number of individuals charged Fees that were not limited to actual payments to any third parties or were in

excess of the amount paid to the government. (Doc. No. 5 at PageID# 53-55.) A true reading of the Amended Complaint results in a much smaller class size. (*Id.*) Similarly, Plaintiff argues that because the class alleged in the Amended Complaint is much smaller that the class suggested by Nationstar, the amount in controversy is below the $5 million threshold. (*Id.* at PageID# 54.) Because the Amended Complaint does not state any federal causes of action and Plaintiff has not alleged an amount in controversy, Plaintiff correctly notes that the only removal available to Nationstar is under CAFA. (*See* Doc. No. 5 at PageID# 51-52.) Therefore, if Nationstar does not satisfy its removal burden under CAFA, the case must be remanded. (*Id.* at PageID# 57.)

Nationstar explicitly disclaims that anyone, including Plaintiff, "was charged an inflated county recorder's fee or an improper third-party preparation fee." (Doc. No. 6 at PageID# 68.) But Nationstar also argues that it has satisfied CAFA's jurisdictional burden. Nationstar responds to Plaintiff's remand arguments by asserting that it established that at least 40,000 individuals were charged the Fees and, under Plaintiff's theory that damages are $250 per alleged violation, the potential damages are $10 million. (Doc. No. 6 at PageID# 62.)[1] Nationstar argues that Plaintiff's motion would have Nationstar conduct a file-by-file analysis to prove removal, which, it argues, would require Nationstar to admit liability. (*Id.* at PageID# 68-71.) Nationstar argues this is inconsistent with Sixth Circuit caselaw stating what Nationstar must do – and what it is not required to prove (namely, Plaintiff's damages) – to satisfy removal.[2] (*Id.*)

---

[1] Nationstar notes in Ehinger's Supplemental Declaration that, upon further review, the number of Ohio accounts charged one of the Fees was 111,710 during the relevant time period. (Doc. No. 6-1 at ¶ 6.)

[2] Nationstar also argues that a file-by-file analysis is not required at the class certification stage and therefore should not be required at removal. (Doc. No. 6 at PageID# 68-69.)

1. **Minimal Diversity**

Minimal diversity, as defined by CAFA, occurs when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). The parties do not dispute minimal diversity here: Mr. Kushner is a citizen of Ohio and Nationstar is a corporation incorporated under the laws of Delaware with its principal place of business in Texas. (Doc. No. 1 at PageID# 3.) Accordingly, minimal diversity is present here.

2. **Numerosity**

CAFA does not gives federal courts original jurisdiction if "the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5)(B). Nationstar has plausibly demonstrated that the class size will exceed 100 members. Nationstar asserts that 111,710 accounts were charged a third-party reconveyance preparation fee or a county recording fee during the relevant time period. (Doc. No. 6-1 at ¶ 6.) While this number likely overstates the members of the class, the number is sufficient to ascertain that the number of individuals improperly charged one of the Fess is greater than 100 persons. *See, e.g., Pittman v. Chase Home Fin., LLC*, No. 1:05-CV-2470, 2007 WL 2156395 at *3 (N.D. Ohio July 25, 2007) (defendant satisfied numerosity requirement where it asserted more than 20,000 loans were satisfied by defendant without offering evidence as to how many of those loans were not timely recorded in violation of Ohio Rev. Code 5301.36(B)). Accordingly, the Court finds that Nationstar satisfied its burden of proving numerosity by a preponderance of the evidence here.

3. **Amount in Controversy**

"If the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.'" *Dart Cherokee*, 574 U.S. at 84 (quoting 28 U.S.C. § 1446(c)(2)). When the underlying complaint seeks an

indeterminate amount of damages, the removing defendant has the burden of demonstrating, by a preponderance of the evidence, that the amount in controversy requirement has been met. *Hayes v. Equitable Energy Resources Co.,* 266 F.3d 560, 572 (6th Cir. 2001). To assert the amount in controversy, the defendant need only plausibly allege that the class claim exceeds $5 million. *Dart Cherokee*, 574 U.S. at 88. To do so, the defendant need not "research, state and prove the plaintiff's claim for damages." *Hayes*, 266 F.3d at 572 (6th Cir. 2001) (citation omitted).

Nationstar has not proven by the preponderance of the evidence that the amount in controversy exceeds $5 million. Nationstar argues that the class contains 111,710 individuals. Using that number with the multiplier of $250 results in a number greater than $5 million. But the class is only those who were improperly charged the Fees, not those who were charged fees generally:

> All persons who were charged by Nationstar Mortgage LLC or Mr. Cooper (or any predecessor, successor, nominee, or agent of either) for any "third party reconveyance preparation fee" (or similar fee) or government recording fee, more than actual government recording fees paid to record release of satisfied mortgages, except where: (a) Applicable Law (as defined in class members' mortgages) *expressly* allowed for the charging of the fees (fees other than actual government recording fees) for releasing Security Instruments and (b) the fees charged were for amounts actually paid to unaffiliated parties for releasing services done and to governments for actual recording fees; and all persons who were otherwise charged more fees than expressly allowed by Applicable Law.

(Doc. No. 1-3 at PageID# 25-26.) Nationstar has not proffered any evidence regarding the number of individuals potentially within this class. In fact, Nationstar explicitly contends, though again without evidence, that no one, including Plaintiff, was overcharged a county recorder fees or an improper third-party preparation fee. (Doc. No. 6 at PageID# 68.)

A Court in this district reached a nearly identical conclusion. In *Pittman*, the Court was presented with a removal petition for a class action alleging Chase failed to timely record mortgages pursuant to Ohio Rev. Code § 5301.36(B). *Pittman v. Chase Home Fin., LLC*, No.

1:05-CV-2470, 2007 WL 2156395 (N.D. Ohio July 25, 2007).³ Chase presented evidence that it serviced over 125,000 loans and was the named mortgagee for more than 20,000 of those loans, thereby satisfying the $5 million amount in controversy requirement. *Id.* at *3. While the Court in *Pittman* concluded that it was likely that Chase satisfied the numerosity requirement, the Court found that Chase failed to meet its burden to present evidence that the relevant class's amount in controversy exceeded the $5 million threshold. *Id.* at *4. Specifically, the Court noted that Chase "never made any allegation concerning the number of persons potentially included within this class" of individuals where Chase served as the mortgagee on an individual's residential mortgage *and* that Chase failed to record said mortgage in a timely fashion. *Id.* Accordingly, because "the number of loans proposed by Chase encompass[ed] a broader universe of mortgagors . . . than those entitled to protection under the Ohio statute," Chase could not rely upon its number of 20,000 to support the jurisdictional amount in controversy minimum of $5 million and the Court remanded to the state court. *Id.*

Here, like Chase, Nationstar cannot rest on its assertion that the number of accounts charged the Fees – when multiplied by $250 – establishes the required amount in controversy. Because the number of individuals charged one of the Fees identified by Nationstar is a broader universe of individuals than those identified in the class, which only includes individuals improperly charged one of the Fees, Nationstar cannot rely upon its number of 111,710 to support the jurisdictional minimum of $5 million. Accordingly, Nationstar has not proven by a preponderance of the evidence that the amount in controversy exceeds $5 million.

---

³ In *Pittman*, the alleged violations of recording obligations were brought under the same statutory framework in this matter, which stipulates damages of $250 per violation if the mortgagee fails to comply with satisfaction of mortgage obligations. *Pittman v. Chase Home Fin., LLC*, No. 1:05-CV-2470, 2007 WL 2156395 at *1 (N.D. Ohio July 25, 2007).

### III. Conclusion

Nationstar has not carried its burden of proving by a preponderance of the evidence that this Court has subject matter jurisdiction. For the reasons stated herein, this matter is **REMANDED** to the Court of Common Pleas, Cuyahoga County, Ohio.

**IT IS SO ORDERED.**

Date: June 23, 2022

BRIDGET M. BRENNAN
UNITED STATES DISTRICT JUDGE